1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT BENYAMINI,

11              Plaintiff,              No. CIV S-10-0101 GGH P

12        vs.

13   V. OGBEIDE, et al.,

14              Defendants.            <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 6.30 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

20  "The pleading must contain something more...than...a statement of facts that merely creates a

21  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

24  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

25  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

26  /////

1   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2   Id.

3        In reviewing a complaint under this standard, the court must accept as true the

4   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

6   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

7   1843 (1969).

8        The complaint states a colorable claim for relief against defendants Correctional

9   Officers B. Baker and S. Byrd,  pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

10        As to defendant Ogbeide, a registered nurse, plaintiff's claim against this

11   individual at California State Prison Sacramento (New Folsom) is that, after his cell door was

12   closed on his head on April 16, 2006 (for which the above defendants are implicated), she

13   refused to do anything but provide plaintiff with his already prescribed Tylenol (two doses) when

14   he complained that his ears were ringing and head was hurting.  Complaint, pp. 9-10.  Instead,

15   plaintiff was not seen for any treatment until April 19, 2006 (some three days later), at which

16   time plaintiff had an x-ray ordered, as well as an EKG for chest pain.  Id., at 9.  Plaintiff alleges

17   that he was not provided an M.R.I. until November 1, 2006, even though he believes he was

18   probably suffering a concussion due to his ears ringing, and a "tingly sensation and massive

19   migraine" he states that he endured for weeks.  Id.

20         In order to state a § 1983 claim for violation of the Eighth Amendment based on

21   inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

22   deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

23   285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

24   serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,

25   501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.

26   1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

3

1  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

2          A serious medical need exists if the failure to treat a prisoner's condition could

3  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

4  that a prisoner has a serious need for medical treatment are the following:  the existence of an

5  injury that a reasonable doctor or patient would find important and worthy of comment or

6  treatment; the presence of a medical condition that significantly affects an individual's daily

7  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

8  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

9  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

10  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

11          In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

12  defined a very strict standard which a plaintiff must meet in order to establish "deliberate

13  indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.

14  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

15  which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.

16  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

17  should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

18          It is nothing less than recklessness in the criminal sense – subjective standard –

19  disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at

20  1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn

21  that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837,

22  114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

23  of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at

24  847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his

25  knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was

26  obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at

4

1  1981.  However, obviousness per se will not impart knowledge as a matter of law.

2          Also significant to the analysis is the well established principle that mere

3  differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

4  Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,

5  662 F.2d 1337, 1344 (9th Cir. 1981).

6          Moreover, a physician need not fail to treat an inmate altogether in order to violate

7  that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

8  1989).  A failure to competently treat a serious medical condition, even if some treatment is

9  prescribed, may constitute deliberate indifference in a particular case.  Id.

10         Additionally, mere delay in medical treatment without more is insufficient to state

11 a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

12 F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

13 no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing

14 Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

15 1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends

16 to provide additional support for a claim of deliberate indifference; however, it does not end the

17 inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

18 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

19 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

20 the defendant."  McGuckin, 974 F.2d at 1061.

21         Superimposed on these Eighth Amendment standards is the fact that in cases

22 involving complex medical issues where plaintiff contests the type of treatment he received,

23 expert opinion will almost always be necessary to establish the necessary level of deliberate

24 indifference.  Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).

25         In this case, plaintiff fails to state an Eighth Amendment claim against defendant

26 Ogbeide simply based on his allegation that he did not receive medical attention he claims he

1  needed for his alleged injury for three days beyond when it occurred.  Plaintiff does not clarify

2  what treatment he should have received when the nurse gave him his Tylenol, nor that she was

3  responsible for his not receiving his M.R.I. until November of 2001; nor does he set forth

4  whether it has ever been determined that he sustained a treatable injury and, if so, when or what

5  treatment he received.  This claim will be dismissed, but plaintiff will be granted leave to amend.

6        Plaintiff also appears to be attempting to identify an individual named Vicks as a

7  defendant, but he fails to do so sufficiently and does not adequately link him to any constitutional

8  deprivation.  The putative claim against this defendant will be dismissed, but plaintiff may

9  amend.

10        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

13  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

14  there is some affirmative link or connection between a defendant's actions and the claimed

15  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

16  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

17  vague and conclusory allegations of official participation in civil rights violations are not

18  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  This is because, as a

22  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26        Accordingly, IT IS HEREBY ORDERED that:

1        1.  Plaintiff's request to proceed in forma pauperis is granted;

2        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

3 Plaintiff is assessed an initial partial filing fee of $ 6.30.  All fees shall be collected and paid in

4 accordance with this court's order to the Director of the California Department of Corrections

5 and Rehabilitation filed concurrently herewith.

6        3.  Plaintiff's claims against defendants Ogbeide and Vicks are dismissed for the

7 reasons discussed above, with leave to file an amended complaint within twenty-eight days from

8 the date of service of this Order.  Failure to file an amended complaint will result in a

9 recommendation that these defendants be dismissed from this action.

10        4.  Upon filing an amended complaint or expiration of the time allowed therefor,

11 the court will make further orders for service of process upon some or all of the defendants.

12 DATED: April 30, 2010

13

14            /s/ Gregory G. Hollows

                                    _____

15            GREGORY G. HOLLOWS

            UNITED STATES MAGISTRATE JUDGE

16

17 GGH:009

    beny0101.b1

18

19

20

21

22

23

24

25

26