IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

    Plaintiff,                    No. CIV S-10-0101 FCD GGH P

    vs.

V. OGBEIDE, et al.,

    Defendants.               ORDER

_____/

        Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By an Order, filed November 16, 2010, plaintiff was directed to provide additional information to serve defendant Byrd, for whom process had been returned unserved. See Docket # 21, filed on 11/04/10. By Order, filed on January 5, 2011, the court granted plaintiff's request for judicial intervention for assistance in locating defendant Byrd. Defendant Baker's counsel was directed to query the Department of Corrections and Rehabilitation to ascertain the whereabouts of defendant Baker. Defendant's counsel has responded by way of a declaration setting forth his efforts, ultimately unfruitful, to obtain the address. See Declaration of Matthew Ross Wilson, filed on 1/26/11 (docket # 32). The court finds, based on the declaration, that counsel has conducted a good faith inquiry but cannot ascertain the business addresses of defendant Byrd.

        In relevant part, Fed. R. Civ. 4(m) states:

1

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The complaint in this action was filed on January 13, 2010. By Order, filed on February 12, 2010, plaintiff was directed to file an in forma pauperis affidavit. After the affidavit was filed, the undersigned, by Order, filed on April 30, 2010, granted plaintiff in forma pauperis status and dismissed the claims against two defendants with leave to amend. Plaintiff, thereafter, having elected not to file an amended complaint,[1] the undersigned, previously having found plaintiff's claims within the original complaint colorable as to defendants Baker and Byrd, recommended dismissal of two other defendants on August 18, 2010, who were dismissed by Order, filed on September 2, 1010. Thereafter, the court directed service upon defendants Baker and Byrd by an Order, filed on September 29, 2010. More than 120 days have passed since service was directed upon defendant Byrd; therefore, he will be dismissed without prejudice under Fed. R. Civ. P. 4(m), if plaintiff is unable to show good cause within fourteen days why further efforts to serve them at this point would not be futile. Johnson v. Meltzer, 134 F.3d 1393, 1396 (9th Cir. 1998) (Fed. Rule Civ. P. 4(m) provides that a defendant, unserved after 120 days, shall be dismissed by the district court without prejudice).

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court

---

[1] Plaintiff filed an untimely motion for reconsideration of the Order, filed on April 30, 2010, which was denied by Order, filed on June 28, 2010.

1  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of
2  counsel will therefore be denied.
3         Finally, on November 23, 2010, defendant filed a motion to revoke plaintiff's in
4  forma pauperis status.  Notwithstanding that the court, by Order filed on January 5, 2011, granted
5  an extension of time until January 18, 2011 for plaintiff to file his opposition to defendant's
6  motion, that time has expired and plaintiff has failed to file any response to the motion.  Pursuant
7  to paragraph 7 of the Order, filed on September 29, 2010, all motions to dismiss, inter alia, are to
8  be briefed pursuant to Local Rule 230(l).  Local Rule 230(l) provides in part:  "Failure of the
9  responding party to file written opposition or to file a statement of no opposition may be deemed
10 a waiver of any opposition to the granting of the motion . . . ."  Although by previously granting
11 plaintiff an extension of time to file his opposition, the court was, at a minimum, implicitly
12 directing plaintiff to do so, because a motion to revoke in forma pauperis status is not, strictly
13 speaking, a motion to dismiss, nor does it otherwise fall within the parameters spelled out in the
14 September 29, 2010, Order, as requiring an opposition absent a court order, the undersigned will
15 specifically direct plaintiff to file any opposition to the pending motion and will generously
16 provide him one further opportunity to respond to the pending motion.  Plaintiff will have
17 twenty-one days from the date of this order to file his opposition to defendant's motion to revoke
18 plaintiff's in forma pauperis status.  Plaintiff will be granted no further extension of time and
19 should plaintiff fail to respond to the motion, it will be deemed a waiver of opposition thereto.
20         Accordingly, IT IS HEREBY ORDERED that:
21         1. By a response, dated January 26, 2011, defendant's counsel has discharged the
22 Order, filed on January 5, 2011;
23         2. Plaintiff must, within fourteen days, show good cause why unserved defendant
24 Byrd should not be dismissed without prejudice from this action, pursuant to Fed. R. Civ. P.
25 4(m); upon the expiration of that time, absent any such showing, the undersigned will
26 recommend dismissal of this defendant;

3. Plaintiff's January 19, 2011 (docket # 30), request for the appointment of counsel is denied; and

4. Plaintiff is expressly directed to file any opposition to defendant's November 23, 2010 (docket # 24) motion to revoke plaintiff's in forma pauperis status within twenty-one days with no further extension of time to be granted; failure to file any opposition will be deemed a waiver of opposition.

DATED: January 28, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
beny0101.ord