IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

    Plaintiff,                      No. CIV S-10-0101 KJM GGH P

    vs.

V. OGBEIDE, et al.,                 ORDER

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are: defendant Baker's November 23, 2010, motion for an order revoking plaintiff's in forma pauperis status, pursuant to 28 U.S.C. § 1915(g), to which plaintiff has not filed any opposition, despite having been granted extensions of time to do so, including an express direction to file any opposition, cautioning plaintiff that failure to do so would be deemed a waiver of opposition[1]; and plaintiff's motion to supplement his request for appointment of counsel, filed on February 3, 2011.  Plaintiff's January 19, 2011, motion for appointment of counsel was, however, previously denied on January 28, 2011; the belated motion to supplement the request is, therefore, denied.  In addition, by Order, filed on January 28, 2011, plaintiff was

---

[1] See Orders, filed on January 5, 2011 (docket # 28), and on January 28, 2011 (docket # 33).

1

ordered, inter alia, to show good cause why unserved defendant Byrd should not be dismissed without prejudice from this action, pursuant to Fed. R. Civ. P. 4(m). Other than once again objecting to his being denied appointment of counsel, plaintiff has not responded to this order, thus failing to show the requisite good cause. Therefore, for the reasons set forth in detail in the court's Order, filed on January 28, 2011, the court will recommend dismissal without prejudice of the unserved defendant Byrd from this action.

Motion to Revoke In Forma Pauperis Status

*"Three Strikes" Contention*

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal., 1994), *vacated on other grounds by* Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d

1113, 1121 (9th Cir.2005).  Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions ... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g).

Actions filed and/or dismissed prior to the enactment of the Prison Litigation Reform Act on April 26, 1996, are to be evaluated to determine whether they qualify as strikes: "the plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the PLRA to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181, citing Tierney v. Kupers, 128 F.3d 1310, 1311-1312 (9th Cir. 1997).[2] Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was frivolous counts as a separate strike. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). However, Adepegba qualifies that insofar as affirmance does not go to the merits but only finds no error at district court level, affirmance should not count as separate strike.[3] Id.  On the other hand, when the appeal is frivolous on a separate ground or when the appeal of a district court dismissal as frivolous is, itself, frivolous, then the appeal dismissal is also a strike.  Id. at 388. See also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647, 651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike). Dismissals as frivolous, malicious, or for failure to state a claim with or without prejudice may count as strikes.  O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008).

\\\\

---

[2] "Ultimately, we held that § 1915(g) does not raise any retroactivity concerns, because it does not affect a substantive right but merely limits a prisoner's ability to proceed IFP. In light of Tierney, we reject Rodriguez's claim and hold that § 1915(g) does not violate the Constitution by looking at cases dismissed prior to enactment of the PLRA to determine when a prisoner has had three or more cases dismissed as frivolous." Rodriguez v. Cook, 169 F.3d at 1181, citing Tierney v. Kupers, 128 F.3d at 1311.

[3] It also follows that an appellate court reversal would nullify a strike. Adepegba v. Hammons, 103 F.3d at 387.

1  The court takes judicial notice[4] of the national pro se "three strikes" database, and
2  the cases therein cited, which a Ninth Circuit committee has directed this court to access for
3  PLRA three-strikes screening purposes; two cases therein are listed for plaintiff: <u>Benyamini v.</u>
4  <u>Anderson, et al.</u>, 1:07-cv-01596 OWW GSA P, dismissed for failure to state a claim on May 13,
5  2009,[5] and <u>Benyamini v. Simpson, et al.</u>, 2:08-01552 GEB DAD P, dismissed on July 8, 2009,
6  for failure to state a claim.[6]  Defendant also requests judicial notice of <u>Benyamini v. Kretch, et</u>
7  <u>al.</u>, 2:09-cv-00170 GEB DAD P, which request is granted.  In that case, the court dismissed the
8  complaint with leave to amend in thirty days, noting that it was "unable to determine whether the
9  current action is frivolous or fails to state a claim for relief."  See <u>Order</u>, filed on January 28,
10 2009 (docket # 4), pp. 4, 6; <u>see</u> also, defendant's Exhibit H (docket # 24-3, pp. 42, 44).
11 Thereafter, by <u>Order</u> filed on August 25, 2009 in 2:09-cv-00170 GEB DAD P, the case was
12 dismissed without prejudice, for failure to prosecute, pursuant to Local Rule 11-110 and Fed. R.
13 Civ. P. 41(b),[7] when plaintiff failed to file an amended complaint, notwithstanding having been
14 granted at least an additional one hundred and twenty days to do so.[8]  As the basis for the third

---

[4] Judicial notice may be taken of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert.</u> <u>denied</u>, 454 U.S. 1126 (1981).

[5] This case was dismissed with prejudice.  Plaintiff's original complaint had been dismissed "for failure to state any claims upon which relief may be granted"; he had been granted multiple extensions of time to amend, cautioned that failure to file an amended complaint would result in a dismissal with prejudice, and did not file an amended complaint.  See docket # 24 of Case No. 1:07-cv-01596-OWW GSA PC.

[6] In this case, defendants' motion to dismiss plaintiff's case for failure to state a claim was granted; the motion remained unopposed even after plaintiff had been permitted five months to oppose it.  See docket # 30 and #34 of Case No. 2:08-01552 GEB DAD P.

[7] Fed. R. Civ. P. 41(b) permits involuntary dismissal for plaintiff's failure to prosecute, to comply with the Federal Rules of Civil Procedure or with a court order.  L. R. 11-110 (now, L.R. 110) permits the imposition "of any and all sanctions authorized by statute or Rule or within the inherent power of the Court" for the failure of counsel or a party to comply with the Local Rules on any court order.

[8] See <u>Orders</u> at docket # 8, #12 and # 16 in <u>Benyamini v. Kretch, et al.</u>, 2:09-cv-00170 GEB DAD P; see also defendant's Exhibits I and J.

1  strike, defendant Baker observes that in Peralta v. Martel, 2010 WL 2629060 *5 (E.D. Cal.
2  2010); 2:08-cv-00530 HWG, that although a prior action had been dismissed without prejudice
3  for failure to prosecute after plaintiff's first amended complaint had been dismissed with leave to
4  amend, plaintiff having failed to file a further amended complaint, the district judge determined
5  the earlier dismissal of the complaint for failure to state a claim counted as a strike under 1915(g)
6  because the earlier court's reasoning that the first amended complaint failed to state a claim
7  constituted "a fully sufficient condition for dismissing plaintiff's complaint." Motion, pp. 2-3;
8  Peralta v. Martel, 2010 WL 2629060 *5, *6; Case No. 2:08-cv-00530 HWG, pp. 10-11, 13 . On
9  that basis, the undersigned finds that, analogously, Benyamini v. Kretch, et al., 2:09-cv-00170
10 GEB DAD P, constitutes a third strike for the instant plaintiff, pursuant to 28 U.S.C. § 1915(g).

11              Nor is the instant case subject to the exception for plaintiffs subject to "imminent
12 danger of serious physical injury" (§ 1915(g)), at the time of filing his January 4, 2011,[9]
13 complaint, plaintiff alleged that, while medication was being passed out on April 16, 2006, the
14 cell door closed on his head and defendant Baker "would not budge the door for a good one +
15 minutes" (while as yet unserved defendant did "nothing but gig[g]le"). Complaint, p. 9.
16 Defendant Baker finally opened the door. Id. Defendant Baker is correct that plaintiff's
17 allegation simply does not make a claim that at the time of the filing of his complaint, which the
18 court notes was in 2010, several years after the 2006 incident at issue, that he was in imminent
19 danger of serious physical injury, nor does plaintiff so allege. Motion, p. 4. Further, plaintiff,
20 having waived opposition in failing to file a response to the motion, does not offer any counter-
21 argument.

22              Accordingly, IT IS ORDERED that plaintiff's belated February 3, 2011 (docket #
23 34), motion to supplement his request for appointment of counsel, which request for appointment

---

[9] By application of the mailbox rule. Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

of counsel was previously, denied on January 28, 2011 (docket # 33), is denied.

IT IS HEREBY RECOMMENDED that:

1. The unserved defendant Byrd be dismissed without prejudice from this action, pursuant to Fed. R. Civ. P. 4(m), for the reasons set forth in the Order, filed on January 28, 2011 (docket # 33), plaintiff having failed to show good cause, in response to that order, why defendant Byrd should not be dismissed; and

2. Defendant Baker's November 23, 2010 (docket # 24), motion for an order revoking plaintiff's in forma pauperis status be granted and, should these findings and recommendations be adopted, plaintiff be ordered to pay the filing fee in full within 28 days, failing which, the case be ordered dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/23/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
beny0101.ofr