IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

        Plaintiff,                    No. CIV S-10-0101 KJM GGH P

    vs.

V. OGBEIDE, et al.,

        Defendants.            ORDER

                                /

         Plaintiff, a state prisoner proceeding pro se, filed an action under 42 U.S.C. §1983. By order filed on September 7, 2011, the undersigned adopted the May 23, 2011, Findings and Recommendations of the magistrate judge. In the September 7th order, defendant Baker's motion for an order revoking plaintiff's in forma pauperis status was granted and plaintiff was ordered, within twenty-eight days, to pay the full filing fee. *See* Order, filed on September 7, 2011 (ECF 42). Plaintiff was cautioned that failure to do so would result in dismissal of this action; plaintiff's motion for a stay was also denied. Plaintiff filed an interlocutory appeal on September 15, 2011. By order filed on January 9, 2012, the appellate court dismissed plaintiff's appeal for failure to prosecute in accordance with Ninth Circuit Rule 42-1. *See* Ninth Circuit mandate, filed in this court on January 10, 2012 (ECF 51).

/////

1

1         The court notes that plaintiff has filed objections to the court's order adopting the
2 findings and recommendations, which the court construes as a request for reconsideration.  (ECF
3 43.)  "A district court's power to rescind, reconsider, or modify an interlocutory order is derived
4 from the common law . . . ."  *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th
5 Cir. 2001).[1]  "Generally stated, reconsideration is appropriate where there has been an
6 intervening change in controlling law, new evidence has become available, or it is necessary to
7 correct clear error or prevent manifest injustice."  *Cachil Dehe Band of Wintun Indians Cmty. v.*
8 *California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Sch. Dist. No. 1J Multnomah*
9 *Cnty., Oregon v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Christianson v. Colt*
10 *Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior
11 decisions of its own or of a coordinate court in any circumstance, although as a rule courts
12 should be loathe to do so in the absence of extraordinary circumstances such as where the initial
13 decision was 'clearly erroneous and would work a manifest injustice.'" (quoting *Arizona v.*
14 *California*, 460 U.S. 605, 618 n.8 (1983))).  Here, there are no extraordinary circumstances to
15 support reconsideration; the court's prior decision was neither clearly erroneous, nor would it
16 work a manifest injustice.
17         The docket of this case indicates that plaintiff has failed to pay the filing fee in
18 accordance with this court's order, and the time for doing so has long since expired.
19 /////
20 /////
21 /////

---

[1] Federal Rule of Civil Procedure 54(b) authorizes courts to exercise this inherent power; it provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b); *see also Jadwin v. Cnty. of Kern*, No. 07-CV-0026-OWW-DLB, 2010 U.S. Dist. LEXIS 30949, at *25-26 (E.D. Cal. Mar. 31, 2010); *see also Sandoval v. Mandel*, No. C-04-1279 MMC, 2008 U.S. Dist. LEXIS 38359, at *4 (N.D. Cal. Mar. 17, 2008) (Rule 54(b) governs reconsideration of non-final orders).

1       Accordingly, IT IS ORDERED that this case is dismissed. Plaintiff's motion to
2  stay (ECF 48) is DENIED as moot. The Clerk of the Court is directed to close this case.
3  DATED: April 10, 2012.

_____
UNITED STATES DISTRICT JUDGE