IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

    Plaintiff,                    No. CIV S-10-0101 KJM-GGH P

   vs.

V. OGBEIDE; et al.,

    Defendants.
_____/

ROBERT BENYAMINI,

    Plaintiff,                    No. CIV S-11-2317 KJM-GGH P

   vs.

M.C. HOMMER; et al.,             ORDER

    Defendants.
_____/

I. <u>Benyamini v. Hommer (11-2317)</u>

       Plaintiff, a state prisoner proceeding pro se, has filed the second civil rights action captioned above seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

/////

1

On November 22, 2011, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court declines to adopt the findings and recommendations. The magistrate judge found plaintiff to have attained three strikes and therefore recommended denial of his petition to proceed in forma pauperis. As discussed below, the court disagrees, and instead grants plaintiff's request to proceed in forma pauperis. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained . . . brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . ." *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("Section 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."). The magistrate judge recommends plaintiff's application to proceed in forma pauperis be denied for having three previous strikes under 28 U.S.C. § 1915. (ECF 12.) Although the judge accurately takes judicial notice of the national pro se "three strike" database and finds plaintiff to have accrued two strikes prior to this action, his conclusion that *Benyamini v. Kretch, et al.,* 09-cv-00170 GEB-DAD P, counts as a third strike is incorrect. In dismissing the complaint in *Benyamini v. Kretch* with leave to amend, the assigned magistrate

judge in that case stated "[t]he allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief." 2:09-cv-00170 GEB DAD P, Order, ECF-4, pp. 4-6.  The present findings and recommendations reason that this sentence of the prior findings should be read as disjunctive and because then both sides of the disjunctive would qualify as a strike and plaintiff failed to amend, the court can apply a retroactive strike. (ECF 12 at 4 (citing *Peralta v. Martel*, Civ. No. 2:08–00530 HWG, 2010 U.S. Dist. LEXIS 63891, 2010 WL 2629060, at *5 (E.D. Cal. Jun. 25, 2010)).).  The court need not address the extent to which unamended deficient claims can serve as the basis for a strike because in the present instance, it is clear from the context that the case relied upon for the third strike did not affirmatively find the complaint was either frivolous or failed to state a claim; rather, that case notes that the complaint was so vague and conclusory that the court was unable to perform its threshold gatekeeping function.  The order then went on to discuss necessary elements of a complaint.  Because plaintiff then failed to amend, the court dismissed for failure to prosecute.  In context, this falls short of the kind of finding necessary to apply a strike. *Cf. Thomas v. Felker*, No. 2:09-cv-2486 GEB CKD P, 2012 U.S. Dist. LEXIS 100695, at *2-3 (E.D. Cal. Jul. 19, 2012) (stating dismissal for failure to prosecute counted as a strike under § 1915(g) where IFP status was suspended due to lack of merit and plaintiff subsequently failed to prosecute by failing to pay filing fee); *see also Oliver v. Smalls*, No. ED CV 10-0054 TJH (JCG), 2010 U.S. Dist. LEXIS 139506, at *6-7 (C.D. Cal. Sept. 29, 2010) (discussing relevant case law); *Peralta*, 2010 U.S. Dist. LEXIS 63891, at *11-12 (dismissal for failure to prosecute was a strike where district court first dismissed complaint for failure to state a claim and plaintiff then did not file amended complaint as required).

II. <u>Benyamini v. Ogbeide (10-0101)</u>

In light of the above, the court hereby sua sponte reconsiders its order in *Benyamini v. Ogbeide*, 10-cv-00101 KJM-GGH, adopting findings and recommendations and

/////

revoking plaintiff's IFP status (ECF 42), as well as its subsequent order closing the case for plaintiff's failure to pay the filing fee (ECF 52).

A district court is vested with the "power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order." *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 888 (9th Cir. 2001). "Generally stated, reconsideration is appropriate where . . . it is necessary to correct clear error or prevent manifest injustice." *Cachil Dehe Band of Wintun Indians Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Sch. Dist. No. 1J Multnomah Cnty., Oregon v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983))).

The relevant history of this case is as follows: On November 23, 2010, defendant Baker moved to revoke plaintiff's IFP status (ECF 24) and on May 23, 2011, the magistrate judge filed findings and recommendations recommending the unserved defendant, Byrd, be dismissed and that Baker's motion be granted, based on the same purported strikes as those referenced in *Hommer* (ECF 28), which the undersigned adopted on September 7, 2011 (ECF 42). Plaintiff filed a motion to stay on October 12, 2011 (ECF 48), which the court denied as moot on April 11, 2012 (ECF 52). In its April 11, 2012 order, the court dismissed and closed this case after finding plaintiff had failed to pay the filing fee as ordered. (ECF 52.) Plaintiff filed an appeal with the Ninth Circuit on April 26, 2012 (ECF 55), which the Ninth Circuit dismissed on August 13, 2012, citing plaintiff's failure to respond to its order (ECF 58). Plaintiff's notice of appeal states he was appealing from the April 11, 2012 order "dismissing case for failure to oppose a motion to dismiss, and stay as moot." (ECF 55.)

/////

The fact that this case has been closed and appealed has not divested the court of its jurisdiction to reconsider its interlocutory order and reopen the case. *See Dressler v. Seeley Co.* (*In re Silberkraus*), 336 F.3d 864, 869 (9th Cir. 2003) ("It is true that the filing of a notice of appeal generally divests the trial court of jurisdiction. The purpose of this judicially-created doctrine is to avoid the potential confusion and waste of resources from having the same issue before two separate courts at the same time. But we have been careful to note that the rule should not be employed to defeat its purposes nor to induce needless paper shuffling." (internal citations and quotation marks omitted)); *Redfield v. Ins. Co. of N. Am.*, 940 F.2d 542, 549 (9th Cir. 1991) (recognizing district court could consider Rule 60(b) motion after appeal to and remand from Circuit where Circuit reversed grant of original Rule 60(b) motion, finding grant was based on inaccurate reading of applicable statutes). The case of *Standard Oil Co. of California v. United States* is instructive here; in that case, the Court found the district court could consider a Rule 60(b) motion after the case had been appealed and the mandate issued without leave of the appellate court. 429 U.S. 17, 17 (1976); *see also Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 773 (9th Cir. 1986) ("Gould need not have applied to this court or the Supreme Court for either a remand or a recall of mandate in order for the district court to have had jurisdiction to consider the motion and the independent action."); *Williams v. McKenzie*, 576 F.2d 566, 570 (4th Cir. 1978) (Rule 60(b)(2) motion can be considered by district court and case reopened after party has appealed and before appellate court has issued its mandate). In *Standard Oil*, the Court found the district court "is not flouting the mandate by acting on the motion" since the record and issues before the district court at the time were different from those before the appellate court. *Standard Oil*, 429 U.S. at 18; *see also Lohman v. Gen. Am. Life Ins. Co.*, 478 F.2d 719, 723 (8th Cir. 1973) (in cases "'where the appeal is dismissed, without a decision on the issues[, s]ince there is no problem of deviating from the appellate court's mandate and since the appeal no longer pends, the district court has the power to entertain a timely motion for relief under 60(b)'" (quoting 7 Moore's FEDERAL PRACTICE 424 (1972 ed.))). The Court further found "the

5

interest in finality is not more impaired in this situation than in any Rule 60(b) proceeding." *Standard Oil*, 429 U.S. at 19.  Although *Standard Oil* involved misconduct by government counsel and a witness and a motion for relief from final judgment, while the present case involves the court's own error and sua sponte reconsideration, its holding is just as instructive. First, although no party has filed a Rule 60 motion, the court may *sua sponte* reconsider a final order under Rule 60(b), *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351-52 (9th Cir. 1999), and correct its own mistakes.  *Colmar v. Jackson Band of Miwuk Indians*, No. CIV S-09-0742 DAD, 2011 U.S. Dist. LEXIS 62832, at *4-5 (E.D. Cal. Jun. 15, 2011); *San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior*, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009).  Moreover, the law of the case does not deter the court's present reversal as the Ninth Circuit did not decide, either explicitly or implicitly, whether plaintiff had accumulated three strikes.  *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982); *Santa Monica BayKeeper*, 254 F.3d at 888 ("the doctrine is discretionary, not mandatory and is in no way a limit on [a court's] power" (citation and quotation marks omitted; alteration in original)). Reconsideration here is necessary to correct a clear error and prevent manifest injustice; the interest in finality must give way in such circumstances.  *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998) (in case of compliance with removal statute, though untimely, "considerations of finality, efficiency and economy trump[] the error" (internal citation and quotation marks omitted)); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) ("where there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute" (emphasis in original)); *but see Espinosa v. United Student Aid Funds*, 553 F.3d 1193, 1199 (9th Cir. 2008) ("[A] final judgment cannot be ignored or set aside just because it was the result of error.  Errors committed during the

6

1  course of litigation must be corrected by way of a timely appeal.").[1]  Moreover, the court's

2  jurisdiction continued even after the notice of appeal was filed, as it was divested only "of

3  jurisdiction over the matters being appealed," *Natural Res. Def. Council v. Southwest Marine,*

4  *Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); in this case, the matter appealed was the court's final

5  order dismissing the case for failure to pay the filing fee, not the court's interlocutory order

6  ordering plaintiff to pay a filing fee.

7  However, "[a] judgment is property, so taking it requires due process of law."

8  *Kingvision*, 168 F.3d at 352.  "Due process generally requires notice and an opportunity to be

9  heard . . . ."  *Id.*  Accordingly, defendant Baker is hereby provided notice of the court's

10 inclination to reopen this case and continue plaintiff's IFP status.  Defendant Baker shall file a

11 response, not to exceed five (5) pages, to this order within fourteen (14) days of its being filed;

12 failure to respond shall be deemed non-opposition.

13 III.  Conclusion

14  Accordingly, IT IS HEREBY ORDERED that:

15  1.  The findings and recommendations filed November 22, 2011 in *Benyamini v.*

16 *Hommer*, No. CIV S-11-2317 KJM-GGH, are adopted in part and denied in part;

17  2.  Plaintiff's October 12, 2011 motion to stay (ECF 8) in *Benyamini v. Hommer*,

18 No. CIV S-11-2317 KJM-GGH, is denied as plaintiff has now stated he wishes to proceed with

19 this action;

20  3.  Plaintiff's October 18, 2011 in forma pauperis application (ECF 9) in

21 *Benyamini v. Hommer*, No. CIV S-11-2317 KJM-GGH, is granted for the reasons set forth

22 above; and

23 /////

24 /////

---

25

26  [1] The present case is easily distinguishable: here, plaintiff did not appear before the Ninth Circuit as required and the Circuit did not consider the merits of his appeal.

7

4. Any objections to the court's intent to reopen *Benyamini v. Ogbeide*, No. CIV S-10-0101 KJM-GGH, shall be filed within fourteen (14) days of the filing of this order and shall not exceed five (5) pages.

DATED: September 20, 2012.

UNITED STATES DISTRICT JUDGE