IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

      Plaintiff,                                 No. CIV S-10-0101 KJM-GGH P

      vs.

V. OGBEIDE; et al.,

      Defendants.

_____/

      On September 21, 2012, the court gave defendant Baker notice of its inclination to reopen this case and ordered him to file a response to its order. (ECF 59.) Baker filed his objections to the court's intent to reopen this case on September 26, 2012. (ECF 60.) Baker contends "the court lacks jurisdiction to reconsider this case, it would violate the law of the case doctrine, would directly conflict with other rulings of the Eastern District regarding the plaintiff, and the court did not commit any error." (Id. at 1.)

      The court need only consider Baker's argument regarding the court's jurisdiction in the present order. Baker contends plaintiff has filed two separate appeals, the first of which concerned the court's revocation of plaintiff's in forma pauperis status and remains pending before the Ninth Circuit, thereby divesting this court of its jurisdiction. (Obj. at 2-3.) The first case of Benyamini v. Byrd, No. 11-17218, was terminated on January 9, 2012, when it was

1

1  dismissed for failure to pay fees.  (9th Cir. Doc. No. 11.)  Plaintiff filed a motion for
2  reconsideration, arguing that his appeal is not frivolous and that his in forma pauperis status
3  should not have been revoked by the Ninth Circuit.  (9th Cir. Doc. No. 12.)  Accordingly, in
4  contrast to Baker's contention, by reconsidering its order, this court will not place the same issue
5  before two courts at the same time.  Rather, the discussion in this court's September 21 order
6  clarifies that the record and issues before the undersigned are different from those before the
7  appellate court.  (ECF 59 at 5-6.)  See Britton v. Co-op Banking Group, 916 F.2d 1405, 1412
8  (9th Cir. 1990) ("an appeal of an interlocutory order does not ordinarily deprive the district court
9  of jurisdiction except with regard to the matters that are the subject of the appeal"); Dressler v.
10 Seeley Co. (In re Silberkraus), 336 F.3d 864, 869 (9th Cir. 2003) ("[T]he filing of a notice of
11 appeal generally divests the trial court of jurisdiction. The purpose of this judicially-created
12 doctrine is to avoid the potential confusion and waste of resources from having the same issue
13 before two separate courts at the same time." (internal citation omitted)).

14         Moreover, it is unclear whether plaintiff's appeal properly placed the question of
15 the revocation of plaintiff's in forma pauperis status before the Ninth Circuit.  Rather, plaintiff
16 appealed the court's dismissal of Baker and the case, and mentioned the revocation of his in
17 forma pauperis status in connection with these dismissals.  (9th Cir. Doc. No. 8 at 4-5.)
18 Plaintiff's appeal was filed before Baker and the case had been dismissed.  Upon consideration of
19 defendant's objection, the court will not reopen the case at this time, as this court has no way of
20 predicting how the Ninth Circuit will resolve plaintiff's pending motion for reconsideration.

21         Baker is hereby ordered to inform the court of the resolution of plaintiff's motion
22 for reconsideration within seven (7) days of said resolution.  At that time, Baker may also file
23 updated objections or rest on his objections filed on September 26, 2012.

24         IT IS SO ORDERED.
25 DATED:  November 1, 2012.

_____
UNITED STATES DISTRICT JUDGE